```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

DEMPSEY WILLIAM ALLEN,            )
                                  )
          Plaintiff,              )
                                  )
                                  )
     v.                           )
                                  )   C.A. No. 23-11312-PBS
HABIT OPT CO., BCCF, et al.,      )
                                  )
          Defendants.             )
                                  )
```

**ORDER**

**July 19, 2023**

Saris, D.J.

In this action, *pro se* plaintiff Dempsey William Allen, a detainee confined at the Barnstable County Correctional Facility ("BCCF"), alleges that Habit Opt Co. Health Services violated HIPAA when it shared Allen's medical information with BCCF officials.[1] Allen also claims that BCCF officials wrongfully denied his grievances concerning the alleged violations of HIPAA.

Because Allen is a prisoner within the meaning of 28 U.S.C. § 1915(h) and is suing a government entity or employee, the Court must conduct a preliminary review of his complaint and dismiss any claims that fail to state a claim upon which relief

---

[1] The acronym "HIPAA" is short for the Health Insurance Portability and Accountability Act of 1996, Pub.L. No. 104-191, 110 Stat. 1936 (1996). HIPAA provides generally for the confidentiality of medical records. *See* 42 U.S.C. §§ 1320d-1 to 1320d-9.

may be granted.  *See* 28 U.S.C. § 1915A.

Here, Allen's complaint fails to state a claim upon which relief may be granted.  While the government may impose civil and criminal penalties on those who violate HIPAA, *see* 42 U.S.C. §§ 1320d-5, 1320d-6, HIPAA does not create a private right of action.  *See Carpenter v. Phillips*, 419 Fed. Appx. 658, 659 (7th Cir. 2011) (per curiam); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Crawford v. City of Tampa*, 397 Fed. App'x 621, 623 (11th Cir. 2010) (per curiam); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *Miller v. Nichols*, 586 F.3d 53, 59-60 (1st Cir. 2009); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007); *Arcara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006).  In other words, it does not provide an independent basis by which a private party may bring a lawsuit against a person or entity that has violated HIPAA's requirements.

Accordingly, this action is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.  The motion for leave to proceed *in forma pauperis* shall be terminated as moot and no filing fee is assessed.

SO ORDERED.

                                        /s/ Patti B. Saris
                                      PATTI B. SARIS
                                      UNITED STATES DISTRICT JUDGE